## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| TYLER DARNELL JOHNSON,<br>KORY S. CLAY, and ESTATE OF<br>MIKE KING, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:11CV2057 TIA |
| | ) | |
| SAINT FRANCOIS COUNTY<br>CORONER, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. Plaintiff Tyler Johnson, a prisoner, originally filed suit on behalf of himself and the Estate of Mike King. The original pleadings were disorganized, and the Court ordered Johnson to file an amended complaint along with either the filing fee or a motion to proceed in forma pauperis. In response, Johnson filed two separate complaints. One complaint contains allegations that pertain only to Johnson, and the other complaint contains allegations that pertain only to Clay. Only Johnson has filed a motion to proceed in forma pauperis. And plaintiffs have submitted a motion to allow Johnson to appear as next friend for Clay in this action. For the reasons stated below, the Court will strike Kory Clay and the Estate of Mike King from this action.

**Permissive Joinder**

This Court has held that multiple prisoners may not join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure.  See, e.g., Georgeoff v. Barnes, 2:09CV14 ERW, 2009 WL 1405497 (E.D. Mo. 2009); Jones v. Abby, 2009 WL 2169894 (E.D. Mo. 2009).

The Prison Litigation Reform Act of 1995 ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  28 U.S.C. § 1915(b)(1).  Prisoners proceeding in forma pauperis may pay the fee in installments.  28 U.S.C. § 1915(b).  Implementation of the PLRA was designed to make prisoners feel the deterrent effect of the filing fee.  See e.g., Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997).  Each individual plaintiff must feel the financial effect of filing a suit in federal court.  See id.; 28 U.S.C. § 1915(b).  As a result, each plaintiff must pay the full filing fee of $350.

"Multiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA."  Lilly v. Ozmint, 2007 U.S. Dist. LEXIS 49153 *4, 2007 WL 2021874 *1 (D.S.C. July 6, 2007) (slip copy); see 28 U.S.C. § 1914 (filing fee statute).  The requirement of

-2-

§ 1915(b)(1) that  each "prisoner shall be required to pay the full amount of a filing fee" requires individual prisoners to bring separate suits, rather than file jointly under Rule 20.  Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), cert. denied, 534 U.S. 1136, 122 S. Ct. 1083, 151 L. Ed. 2d 983 (2002).

In addition, "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." Hagwood v. Warden, 2009 U.S. Dist. LEXIS 13108 *5, 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009) (slip copy) (citing Wasko v. Allen County Jail, 2006 U.S. Dist. LEXIS 22907, 2006 WL 978956 (N.D. Ind. 2006); Swenson v. MacDonald, 2006 U.S. Dist. LEXIS 5784, 2007 WL 240233 *2-4 (D. Mont. Jan. 30, 2006) (slip copy)).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation.  [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

Hagwood, 2009 U.S. Dist. LEXIS 13108 at *6; 2009 WL 427396 at *2.

Finally, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is

-3-

dismissed.  Prisoners should not be allowed to circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

In this instance, joinder is also improper because Johnson, who drafted all of the pleadings in this action, has a history of filing abusive litigation in this Court.  <u>See Johnson v. Seymour</u>, No. 4:07CV325 CAS (E.D. Mo.) (case filed for the purpose of harassing defendants).  Moreover, many of the allegations in this action appear to be delusional and paranoid.  For each of these reasons, the Court will not permit Johnson and Clay to join their claims under Rule 20.

### 28 U.S.C. § 1654

Johnson attempts to bring this action on behalf of the Estate of Mike King.  Additionally, Clay has filed a motion requesting that Johnson appear as next friend for him in this action.

Title 28 U.S.C. § 1654 states that non-attorneys may not represent others in federal court.  As a result, the Court will strike the Estate of Mike King from this action, and the Court will deny the next friend motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **STRIKE** plaintiffs Kory Clay and the Estate of Mike King from this action.

**IT IS FURTHER ORDERED** that the Clerk shall open a new case for plaintiff Kory Clay, utilizing the amended complaint [Doc. 3] in the instant case.

**IT IS FURTHER ORDERED** that Clay's motion for next friend [Doc. 6] is **DENIED**.

Dated this 19th day of January, 2012.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE